IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| J.K., a minor child, by his father WILLIAM KERREY and WILLIAM KERREY, | ) ) ) ) | CASE NO. _____ |
| | ) | NOTICE OF REMOVAL |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| | ) | |
| BROWNELL TALBOT SCHOOL, | ) ) | |
| Defendant. | ) ) | |

COMES NOW the Defendant, Brownell Talbot School, and hereby removes this suit from the Douglas County District Court, to the United States District Court for the District of Nebraska. Removal is proper under the following grounds:

**Plaintiffs' Complaint**

1.  On October 29, 2014, Plaintiffs J.K., a minor child, by his father William Kerrey, and William Kerrey ("Plaintiffs") commenced this action in the Douglas County District Court. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of Plaintiffs' Complaint and Defendant's Voluntary Appearance are attached hereto and marked as Exhibit "A". Defendant's counsel signed the Voluntary Appearance on November 3, 2014.

**Basis for Removal**

2.  Plaintiffs' Complaint alleges a claim for violation of due process. More specifically, Plaintiffs allege Plaintiff J.K.'s October 29, 2013 expulsion was "unconstitutional" and "violated J.K.'s constitutional right to due process." (Complaint ¶¶ 34, 36, 40, 41). According to the Complaint, Plaintiffs' due process claim is based upon the sufficiency of the notice Defendant gave Plaintiffs of Plaintiff J.K.'s October 29, 2013 expulsion from Defendant's school and Plaintiff J.K.'s right to a public education. (See Complaint ¶¶ 31-41). Accordingly, Plaintiffs' due process claim arises under the Fourteenth Amendment and 42 U.S.C. § 1983. See Fluitt v. Univ. of Neb., 489 F.Supp. 1194, 1202 (8th Cir. 1980) ("The Fourteenth Amendment provides that no state shall

'deprive any person of life, liberty, or property, without due process of law.'"); Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 790 (2005) (stating that an individual has a "property" interest in public education which is protected by one's procedural due process right and citing Goss v. Lopez, 419 U.S. 565 (1975)); 28 U.S.C. § 1983 (providing a mechanism for seeking damages when an individual alleges deprivation of his federal constitutional rights); see also McNerny v. Neb. Pub. Power Dist., 309 F.Supp.2d 1109, 1114 (D. Neb. 2004) ("A complaint which asserts claims under 42 U.S.C. § 1983 for alleged violations of federal constitutional rights raises a federal question within the original jurisdiction of the federal courts"). Accordingly, Plaintiffs' due process claim presents a federal question to the Court and this Court has jurisdiction over Plaintiffs' due process claim.

3. Removal of the due process claim to the United States District Court for the District of Nebraska is proper under 28 U.S.C. § 1331, because this case presents a federal question, and this Notice has been filed within thirty (30) days after Defendant signed its Voluntary Appearance.

4. Removal of the other claims asserted in the Complaint to the United States District Court for the District of Nebraska is proper under 28 U.S.C. § 1367(a) as Plaintiffs' claims for false imprisonment and defamation arise out of the same core of operative facts as Plaintiffs' due process claim, namely Plaintiff J.K.'s October 29, 2013 expulsion and the events leading up to his expulsion. See McNerny, 309 F.Supp.2d at 1114 ("When a federal court has original jurisdiction over a federal question raised in a removed case, pursuant to 28 U.S.C. § 1367, it has supplemental jurisdiction . . . over any alleged state law claims arising from the same core of operative facts.").

5. Defendant has filed a Notice of Filing Notice of Removal contemporaneously herewith in the Douglas County District Court.

6. In removing this action to this Court, the Defendant reserves all of his defenses, rights, and claims.

**Jury Trial Request**

7. Defendant requests a jury trial for all matters raised in the above-captioned case and that such jury trial be held at the Federal District Court for the District of Nebraska in Omaha, Nebraska.

WHEREFORE, Defendant removes this action from the Douglas County District Court to the United States District Court for the District of Nebraska.

Dated: December 2, 2014

                        Brownell Talbot School, Defendant

BY: _____
Paul M. Shotkoski #20873
Jacqueline M. DeLuca #25147
FRASER STRYKER PC LLO
409 S. 17th Street
500 Energy Plaza
Omaha, Nebraska 68102
(402) 341-6000
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served by regular U.S. mail, postage prepaid, this 2nd day of December, 2014 to:

DAVID DREW
DREW LAW FIRM
P.O. Box 462
1555 WASHINGTON ST.
BLAIR, NEBRASKA 68008

                        _____

1228484

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| J.K., a minor child, by his father WILLIAM KERREY and WILLIAM KERREY, <br>   PLAINTIFFS <br><br> v. <br><br> BROWNELL TALBOT SCHOOL. | Case No. CI _____ <br><br> COMPLAINT |

Comes Now, the Plaintiff, for its Complaint and alleges as follows:

## FACTS COMMON TO EACH CLAIM FOR RELIEF

1. J.K. is a minor child and is a resident of Douglas County, Nebraska.

2. William Kerrey is an individual and has been the custodial father of J.K. at all times relevant herein, and he is a resident of Douglas County, Nebraska.

3. Brownell Talbot School is a private school located in Douglas County, Nebraska.

4. Venue is proper because the causes of action arose in Douglas County, Nebraska.

5. J.K. was enrolled as a student of Brownell Talbot for the 2013-2014 school year and was in his junior year of school.

6. On October 29, 2013, J.K. was late to school as a result of being in a car accident. J.K. arrived at Brownell Talbot, checked in, and proceeded to his math class.

7. While J.K. was in his math class, the teacher received a call in the classroom, where the teacher was asked if J.K. smelled of marijuana. The teacher responded that J.K. did not smell like marijuana.

8. J.K. went to his next class, which was strength and conditioning, where the teacher received a call where the teacher was asked if J.K. smelled like marijuana. The teacher responded that he did not know.

Page 1 of 7

EXHIBIT "A"

9. Based on this information, J.K. was ordered by Brownell Talbot personnel into a small room and was locked into that small room against his will and without being permitted to call his parents.

10. Brownell Talbot then contacted William Kerrey and asked him to come to the school.

11. Brownell Talbot also confiscated J.K.'s backpack, computer and telephone without J.K.'s consent and searched these items. These items were searched by Brownell Talbot personnel and no evidence of drugs or drug paraphernalia was found.

12. Brownell Talbot ordered J.K. to submit to a drug screen at an off site testing facility, Workfit.

13. After the drug screen, J.K., William Kerrey, the principal of Brownell Talbot and Headmaster of Brownell Talbot had a meeting where it was agreed that J.K. would not be expelled nor would he be suspended from school as a result of the events described herein.

14. J.K. and William Kerrey then left for a lunch and returned to Brownell Talbot approximately one hour later. The Brownell Talbot Principal indicated that the drug screen results were positive and that Brownell Talbot personnel had conducted a search of J.K.'s vehicle without J.K.'s consent. He further stated that tobacco related items, a glass pipe, and a bottle of alcohol were found in the vehicle.

15. Brownell Talbot refused the request of J.K. and of William Kerrey to see the items that were allegedly found in J.K.'s vehicle.

16. Brownell Talbot then expelled J.K. from school.

17. On November 12, 2013, Workfit disclosed to Brownell Talbot in a letter that the urine sample was a preliminary test which needed to be sent to a lab for confirmation, but that

Workfit failed to send the sample to the lab. According to Workfit "nothing can be considered final until it is confirmed by the lab."

18. Brownell Talbot did not advise J.K. or William Kerrey of the November 12, 2013 Workfit letter until the records were disclosed pursuant to subpoena.

## FIRST CLAIM FOR RELIEF

## FALSE IMPRISONMENT

19. The preceding paragraphs are incorporated herein.

20. Brownell Talbot restrained the liberty of J.K. without sufficient complaint or authority by locking him in a small room against his will.

21. As a result of being falsely imprisoned by Brownell Talbot, J.K. has suffered special damages including counseling expenses in an amount to be determined at trial.

22. As a result of being falsely imprisoned by Brownell Talbot, J.K. has suffered general damages, including pain, suffering and mental anguish in an amount to be determined at trial.

WHEREFORE the Plaintiff prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF

## DEFAMATION

23. The preceding paragraphs are incorporated herein.

24. Brownell Talbot has made statements in its school records that J.K. was expelled as a result of suspected drug use. Verified by drug screening.

25. The statements contained in the school records referenced in Paragraph 24 are not true.

26. Brownell Talbot has published its records to District 66/Westside High School, Brent Kuhn, and others.

27. On September 23, 2014, the undersigned mailed a demand for correction as required by Neb. Rev. Stat. § 25-840.01 to Brownell Talbot via certified mail.

28. Brownell Talbot failed to make the demanded correction within three weeks of receipt of the demand.

29. As a result of being defamed by Brownell Talbot, J.K. has suffered special damages including counseling expenses in an amount to be determined at trial.

30. As a result of being defamed by Brownell Talbot, J.K. has suffered general damages, including pain, suffering and mental anguish in an amount to be determined at trial.

WHEREFORE the Plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF

### DUE PROCESS

31. The preceding paragraphs are incorporated herein.

32. On October 29, 2013, Brownell Talbot gave William Kerrey notice of the expulsion of J.K. via written letter. No other notice was given by Brownell Talbot.

33. Brownell Talbot failed to follow all of the procedures outlined in Nebraska Student Discipline Act, and specifically Neb. Rev. Stat. § 79-268 by failing to give notice of the following:

(a) The rule or standard of conduct allegedly violated and the acts of the student alleged to constitute a cause for long-term suspension, expulsion, or mandatory reassignment, including a summary of the evidence to be presented against the student;

(b) The penalty, if any, which the principal has recommended in the charge and any other penalty to which the student may be subject;

(c) A statement that, before long-term suspension, expulsion, or mandatory reassignment for disciplinary purposes can be invoked, the student has a right to a hearing, upon request, on the specified charges;

(d) A description of the hearing procedures provided by the act, along with procedures for appealing any decision rendered at the hearing;

(e) A statement that the principal, legal counsel for the school, the student, the student's parent, or the student's representative or guardian has the right (i) to examine the student's academic and disciplinary records and any affidavits to be used at the hearing concerning the alleged misconduct and (ii) to know the identity of the witnesses to appear at the hearing and the substance of their testimony; and

(f) A form on which the student, the student's parent, or the student's guardian may request a hearing, to be signed by such parties and delivered to the principal or superintendent in person or by registered or certified mail as prescribed in sections 79-271 and 79-272.

34. Brownell Talbot's failure to give notice pursuant to the Nebraska Student Discipline Act violated J.K.'s constitutional right to due process and fundamental fairness within the context of an orderly and effective educational process.

35. The search of J.K.'s vehicle was performed in violation of J.K.'s Fourth Amendment right to be free from unreasonable searches, therefore any evidence obtained as a result of this search should not be grounds for his expulsion.

36. Brownell Talbot's expulsion of J.K. failed to follow its own procedural requirements for the expulsion of a student in violation of J.K.'s constitutional right to due process and fundamental fairness within the context of an orderly and effective educational process.

37. As a result of these violations by Brownell Talbot, J.K. was denied his right to a free public education because his enrollment in public schools was denied by other school districts, pursuant to Neb. Rev. Stat. § 79-266.01.

38. As a result of the expulsion from Brownell Talbot and denial of applications to certain public school districts, William Kerrey was forced to change residences in order to have Jordan be admitted into District 66/Westside High School, causing unnecessary expenses in an amount to be determined at trial.

39. As a result of being expelled in violation of his constitutional rights by Brownell Talbot, J.K. has suffered special damages including counseling expenses in an amount to be determined at trial.

40. As a result of being expelled in violation of his constitutional rights by Brownell Talbot, J.K. has suffered general damages, including pain, suffering and mental anguish in an amount to be determined at trial.

41. As a result of being expelled in violation of his constitutional rights by Brownell Talbot, J.K.'s records relating to the events of October 28, 2013 should be removed from Brownell Talbot's school records.

WHEREFORE, the Plaintiffs pray for an order of judgment in its favor and against the Defendant for general and special damages incurred by J.K. in an amount to be proved at trial, for damages for unnecessary costs incurred by William Kerrey related to the unconstitutional

expulsion, for an order directing the Defendant from removing any statements related to October 28, 2013 from J.K.'s school records, and for such other relief as the Court deems just and equitable.

J.K., a minor child by and through his Father, WILLIAM KERREY and WILLIAM KERREY, Plaintiff.

By: _____
David V. Drew (#23153)
Drew Law Firm
P.O. Box 462 – 1555 Washington St.
Blair, NE 68008
(402) 426-2636
Attorney for the Plaintiff

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI140008739
Transaction ID: 0001783322
Filing Date: 11/05/2014 04:18:39 PM CST

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| J.K., a minor child, by his father WILLIAM KERREY and WILLIAM KERREY, <br>     PLAINTIFFS <br><br> v. <br><br> BROWNELL TALBOT SCHOOL. | Case No. CI 14-0008739 <br><br> VOLUNTARY APPEARANCE |

COMES NOW the undersigned on behalf of Defendant, Brownell-Talbot School, and:

1. Acknowledges receipt the following:
    a. Complaint.
2. Hereby enters their Voluntary Appearance in the above-entitled action, waiving their right to be served with summons, but reserving their right to answer or plead to said Complaint.

DATED this 3rd day of November, 2014.

                                       Jacqueline M. DeLuca, # 25147
                                       Fraser Stryker
                                       500 Energy Plaza
                                       409 South 17th Street
                                       Omaha, Nebraska 68102-2663
                                       (402) 341-6000

Subscribed and sworn to before me this 3rd day of November, 2014.

GENERAL NOTARY - State of Nebraska
MARCY D. MORTENSEN
My Comm. Exp. Dec. 16, 2016

                                       Marcy D. Mortensen
                                       NOTARY PUBLIC

# Certificate of Service

I hereby certify that on Wednesday, November 05, 2014 I provided a true and correct copy of the Voluntary Appearance to the following:

Kerrey,William,,Indiv & as father represented by Gregory Drew (Bar Number: 11088) service method: Electronic Service to drewlawfirm@drewlawfirm.net

K,J, represented by Gregory Drew (Bar Number: 11088) service method: Electronic Service to drewlawfirm@drewlawfirm.net

K,J, represented by David Drew (Bar Number: 23153) service method: Electronic Service to dvdrew@drewlawfirm.net

Brownell Talbot School service method: No Service

Kerrey,William,,Indiv & as father represented by David Drew (Bar Number: 23153) service method: Electronic Service to dvdrew@drewlawfirm.net

Signature: /s/ Jacqueline DeLuca (Bar Number: 25147)